UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

      v.                                        Case No. 13-MJ-00449-RTR

DECRYPTION OF A SEIZED
DATA STORAGE SYSTEM,

           Defendant.

**EMERGENCY MOTION TO VACATE MAGISTRATE CALLAHAN'S ORDER OF MAY 21, 2013 (DOC. 6) & ALL PROCEEDINGS PREVIOUSLY HELD, OR**
**IN THE ALTENRATIVE, TO STAY THE ORDER (DOC. 6) & ESTABLSIH A *DE NOVO* BRIEFING SCHEDULE ON THE ISSUE OF INTERESTED PARTY, JEFFREY FELDMAN'S FIFTH AMENDMENT RIGHT AGAINST SELF-INCRIMINATION**

Interested Person, Jeffrey Feldman, by his counsel, Robin Shellow, respectfully requests this Court to issue an Order vacating all previous proceedings and Orders, or in the alternative stay the Order of May 21, 2013 (DOC. 6) and establish a *de novo* briefing schedule on the issue of Interested Party, Jeffrey Feldman's Fifth Amendment right against self-incrimination entered by Magistrate Judge William Callahan. Magistrate Callahan had no authority to issue an order under the All Writs Act and further, Magistrate Judge Callahan could not enforce it with a contempt order as he is not an Article III Judge appointed by Congress. It is well-established that "[t]he power to punish for contempt is inherent in Article III Judges." *Ex parte Robinson*, 86 U.S. 505, 510, 22 L. Ed. 205 (1873). Additionally this Court, created by Congress, is invested by 18 U.S.C. § 401 with the power of civil contempt. Acts of contempt may be punished by

fine or imprisonment, based on "[d]isobedience or resistance to its lawful writ, process, order, rule, decree, or command." 18 U.S.C. §401(3); *see also Manez v. Bridgestone Firestone North American Tire*, LLC, 533 F.3d 578 (7th Cir. 2008), *Eppley v. Iacovelli,* 2010 U.S. Dist. LEXIS 17179 (S.D. Ind. Feb. 25, 2010)."[1]

As Magistrate Judge Callahan did not have the authority to issue an order under the All Writs Act nor enforce it, his order must be vacated.

This case involves an issue of first impression in the Seventh Circuit with respect to whether compelled decryption of computer hardware seized from his residence violates Mr. Feldman's right against self-incrimination. All proceedings before Magistrate Callahan were conducted *ex parte*. Interested Party Feldman requests that this Court vacate all prior proceedings and set a scheduling order wherein Interested Party Feldman will have an opportunity to fully brief and present evidence of *Franks*-like issues raised by the *ex parte* pleadings and affidavits filed pursuant to the All Writs Act with Magistrate Callahan. The All Writs Act, 28 U.S.C. §1651, states that "the Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." Until such time as a *de novo* briefing schedule may be set by this Court, Mr. Feldman hereby re-asserts and incorporates by reference all of the arguments contained in his objections to Magistrate Judge Callahan's previous order of May 21st, 2013 (Doc. 7) as if fully set forth herein.

Therefore it is respectfully requested that the proceedings before Magistrate Callahan be vacated, or in the alternative to stay the Order of May 21, 2013 (DOC. 6) and establish a *de novo* briefing schedule on the issue of Interested Party, Jeffrey Feldman's

---

[1] *See also*, *Ricciardi v. Thompson*, 480 F.2d 167.

-2-
Case 2:13-mj-00449-RTR   Filed 06/03/13   Page 2 of 3   Document 8

Fifth Amendment right against self-incrimination entered by Magistrate Judge William Callahan.

Failure to vacate these proceedings denies Feldman his right to due process of law pursuant to the Fifth, Sixth and Fourteenth Amendments to the United States Constitution.

Dated at Milwaukee, Wisconsin, this 3rd day of June, 2013.

Respectfully Submitted,

s/Robin Shellow
Robin Shellow
324 W. Vine Street
Milwaukee, WI 53212
(414) 263-4488
tsg@theshellowgroup.com

Attorney for Jeffrey Feldman,
Interested Party