UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

    Plaintiff,

    v.

DECRYPTION OF A SEIZED
DATA STORAGE SYSTEM,

    Defendant.

Case No. 13-MJ-449

## MOTION TO REQUIRE JEFFREY FELDMAN TO PROVIDE THE COURT WITH THE DECRYPTED CONTENTS OF HIS ENCRYPTED DIGITAL MEDIA, *EX PARTE* AND UNDER SEAL

The United States, by and through undersigned counsel, files this motion asking the Court to require Jeffrey Feldman (hereinafter "Feldman") to provide the Court *ex parte* and under seal, and as soon as practicable, with the decrypted contents of the seven encrypted hard drives seized via warrant from Feldman on January 24, 2013, and specified in Attachment A. This motion seeks only the preservation of currently-encrypted data: if the motion is granted, the data decrypted by Feldman would be copied and secured with the Court, and the team of prosecutors and agents currently investigating Feldman (hereinafter "the investigative team") would be unable to obtain the copies until further rulings of this Court.

    A.    **Feldman Should Be Required to Provide the Decrypted Contents to the Court Now.**

The United States moves the Court out of concern that Feldman may forget his passwords before this Court resolves the Fifth-Amendment question currently before it. Nearly five months have passed since the FBI initially seized Feldman's encrypted media, and the Court has stayed

1

Judge Callahan's order requiring Feldman to decrypt his media [ECF No. 8]. Feldman has already suggested that, even if he was once able to decrypt the media, he may already no longer be able to do so. [ECF No. 7 at 14]. Under the briefing schedule set by the Court, it will likely be at least two more months before the resolution of this question, and subsequent appeals by Feldman could further lengthen the proceedings. As more time passes, it is increasingly possible that Feldman could forget his passwords, and currently-encrypted evidence may be lost as a result.

The Court can reduce this risk by requiring Feldman to provide the Court with the decrypted contents of his hard drives now, *ex parte* and under seal, so that they can be securely retained pending the adjudication of the Fifth-Amendment question.

### B. Feldman Should Provide the Decrypted Contents to the Court in the Presence of a Filter Agent.

The United States proposes the following procedure for the preservation of the decrypted contents: (1) the Court designate a magistrate or special master to preside over the decryption and retain the decrypted contents on behalf of the Court; (2) the United States provide forensic copies of the encrypted hard drives for Feldman to access in the presence of the magistrate or special master; (3) the Court allow a "filter forensic examiner," meaning a forensic examiner who is barred from communication with the investigative team, to observe and assist the decryption process, ensure that data is not being destroyed, and create forensic copies of the decrypted contents to be secured with the magistrate or special master.

### C. Granting This Motion Will Serve Judicial Economy.

Although the Court has set a briefing schedule to assist it in resolving the Fifth-Amendment question, it remains uncertain whether Feldman is willing or able to decrypt the

2

encrypted hard drives. Rather than expend its resources answering a potentially-moot question, the Court should follow the above procedure to determine whether, in fact, there is a live controversy before it. The Court should only turn to the Fifth-Amendment question if it is first established that Feldman can decrypt, and has decrypted the encrypted hard drives.

### D. Granting This Motion Will Not Prejudice Feldman.

If the Court grants this motion, Feldman will still be able to litigate fully the Fifth-Amendment question raised in this investigation. If the Court ultimately rules in Feldman's favor, then Feldman will be in the same position he is in now, with the United States unable to compel Feldman to provide the decrypted contents of his encrypted hard drives. Granting this motion will not deprive Feldman of any due process, but will instead allow the Court to turn to the Fifth-Amendment question after resolving the threshold question of whether Feldman is willing and able to decrypt the encrypted hard drives. The resolution of this practical question will determine whether the Fifth-Amendment issue merits adjudication.

### E. In the Alternative, the United States Requests an Expedited Briefing Schedule.

Alternatively, the United States requests that the Court reset the briefing schedule to a more expedited timetable, in order to decrease the likelihood that Feldman will forget his passwords before this litigation ends.

## F. Conclusion.

For all the foregoing reasons, the United States respectfully requests that the Court require Feldman to provide the Court with the decrypted contents of his encrypted media as soon as practicable, *ex parte* and under seal.

Dated at Milwaukee, Wisconsin, this 28th day of June, 2013.

JAMES M. SANTELLE
United States Attorney

By:

KARINE MORENO-TAXMAN
Assistant United States Attorney
Karine Moreno-Taxman Bar Number: 1006835
Attorney for Plaintiff
Office of the United States Attorney
Eastern District of Wisconsin
517 East Wisconsin Avenue, Room 554
Milwaukee, Wisconsin 53202
Telephone: (414) 297-1785
Fax: (414) 297-1738
E-Mail: karine.moreno-taxman@usdoj.gov

Other Counsel:

JAMES SILVER
Trial Attorney
Computer Crime & Intellectual Property Section
Criminal Division
United States Department of Justice
1301 New York Avenue, N.W., Ste. 600
Washington, DC 20530

4

## Attachment A

1. Western Digital My Book, Serial Number: WMAZA0052668

2. Western Digital My Book, Serial Number: WCAVY0868325

3. Western Digital My Book, Serial Number: WCAZA0078782T

4. Western Digital My Book, Serial Number: WCAZA0078878T

5. Western Digital My Book Serial Number: WCAPW0572841

6. Maxtor BlackArmor, Serial Number: 2HC04653

7. Maxtor BlackArmor, Serial Number: 2HC0491M