UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

      v.                                            Case No. 13-MJ-00449-WEC

DECRYPTION OF A SEIZED
DATA STORAGE SYSTEM,

            Defendant.

**INTERESTED PARTY, JEFFREY FELDMAN'S MOTION TO QUASH THE GOVERNMENT'S MOTION TO REQUIRE FELDMAN TO PROVIDE THE COURT WITH THE DECRYPTED CONTENTS OF HIS ENCRYPTED DIGITAL MEDIA, EX PARTE AND UNDER SEAL (DOC. 10)**

Interested Party, Feldman, by his attorney Robin Shellow, moves to quash the Government's motion to require Feldman's attempted decryption as it bypasses this Court's Order for a *de novo* review and briefing schedule and determination of the ultimate Fifth Amendment issue at stake here. The Government is requesting compelled decryption before this Court rules on an issue of first impression in the 7th Circuit and where the only other federal appellate case law is contrary to the Government's position of compelling Feldman's attempted decryption.

The Court in *In Re Grand Jury Subpoena Duces Tecum Dated March 25th, 2011, United States v. Doe*, 670 F.3d 1335, 1345-46 (11th Cir. 2012) held that the act of decryption is testimonial:

> Drawing out the key principals from the [Supreme] Court's two decisions, an act of production can be testimonial when that act conveys some explicit or implicit statement of fact that certain materials exist, are in the subpoenaed individual's possession or control, or are authentic. The

> touchstone of whether an act of production is testimonial is whether the government compels the individual to use "the contents of his own mind" to explicitly or implicitly communicate some statement of fact.
>
> Put another way, the [Supreme] Court has marked out two ways in which an act of production is not testimonial. First, the Fifth Amendment privilege is not triggered where the Government merely compels some physical act, i.e. where the individual is not called upon to make use of the contents of his or her mind. The most famous example is the key to the lock of a strongbox containing documents, but the Court has also used this rationale in a variety of other contexts. Second, under the "foregone conclusion" doctrine, an act of production is not testimonial – even if the act conveys a fact regarding the existence or location, possession, or authenticity of the subpoenaed materials – if the Government can show with "reasonable particularity' that, at the time it sought to compel the act of production, it already knew of the materials, thereby making any testimonial aspect a "foregone conclusion."

*See id*. (internal citations omitted).

Hence, no matter at what time or under what circumstances this Court would order Feldman to attempt to decrypt, doing so violates the Fifth Amendment right he has already asserted, and brings the parties back to where they are now and thus prejudiced: briefing whether the Fifth Amendment precludes this Court from ordering him to attempt to decrypt. This is because, under the first exception discussed above, attempts to decrypt are not merely physical acts -- they are using the contents of his mind to communicate the notion that illegal images exist on the hard-drives, he possessed them, and they are authentic, if they indeed exist. Nowhere has the Government shown with any reasonable particularity that the seven hard-drives for which it seeks compelled decryption actually contain illegal images or that Feldman possesses the capacity to decrypt them.

The Government's Affidavit at paragraphs 2(b) and 2(c) in DOC. 5-1 reference that the Government has already "decrypted a small part of the storage system" and found child pornography. This renders the Government's newest attempt to coerce Feldman to decrypt unnecessary.

Additionally, Feldman requests all forensic reports the Government relied upon in (b) and (c) to brief the second potential exception to Fifth Amendment protection described above and known as the "forgone conclusion doctrine," and requests an additional 30 days from the Government's production. Failure to grant this request denies Feldman of his Sixth Amendment Right to effective assistance of counsel.

The proposed compelled decryption simply circumvents this Court's authority to decide the Fifth Amendment issue and is additionally coercive as it again threatens contempt of an "interested party" with pre-indictment liberty deprivation. Further, Feldman believes the Government's proposed procedure is fraught with the potential to raise new Fifth Amendment issues which can be avoided by following the current *de novo* review ordered by this Court.

Other alternatives to forced decryption are available to the Government if it believes that exigent circumstances exist. For example, consistent with *Doe*, the only case decided by any federal appellate court on this issue, Feldman will attempt to decrypt the storage system if the Government offers and the Court grants Feldman's request for direct and derivative use immunity. Also, the Government of course retains its usual authority to convene a grand jury as was done in *Doe, supra*.

Dated at Milwaukee, Wisconsin, this 2nd day of July, 2013.

    Respectfully Submitted,

    s/Robin Shellow
    Robin Shellow, #1006052
    324 W. Vine Street
    Milwaukee, WI 53212
    (414) 263-4488
    tsg@theshellowgroup.com

    Attorney for Jeffrey Feldman,
    Interested Party

-4-
Case 2:13-mj-00449-RTR   Filed 07/02/13   Page 4 of 4   Document 12