UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

        Plaintiff,

        v.                Case No. 13-MJ-449-RTR

DECRYPTION OF A SEIZED
DATA STORAGE SYSTEM,

        Defendant.

**SUPPLEMENT TO INTERESTED PARTY JEFFREY FELDMAN'S BRIEF
[DOCKET ENTRY 14]**

Interested party Jeffrey Feldman hereby submits this supplement to the brief he filed earlier, *see* Docket Entry 14, to bring to the Court's attention additional relevant authority. The district court in *United States v. Fricosu*, 841 F.Supp.2d 1232 (D. Col. 2012) granted the government's application under the All Writs Act to require the defendant to assist in the execution of a previously issued search warrant. *See id*. at 1238. This case is non-binding authority for this Court, and for the reasons that follow it is also unpersuasive and should not be given any weight when this Court decides the issue of first impression in the Seventh Circuit whether the All Writs Act is an appropriate vehicle for compelling an individual to attempt to decrypt hard drives seized pursuant to a search warrant.

The court in *Fricosu* barely discussed the appropriateness of using the All Writs Act in the manner the government requested, finding that "it is clear that the All Writs Act enables the court to issue orders to effectuate an existing search warrant." *See id*.

1

One of the authorities cited by the *Fricosu* court contains a thoughtful and comprehensive analysis of the process a court should engage in before deciding to grant a writ under the All Writs Act- a process that may have led the *Fricosu* court to a much different conclusion had it considered and applied it properly. *See In re Application of United States for an Order Authorizing Disclosure of Location Information of a Specified Wireless Telephone*, 849 F.Supp.2d 526, 580-81 (D.Md. 2011). First, the court must determine whether any applicable federal law governs the request. *See id*. at 580. In *Pennsylvania Bureau of Correction v. United States Marshals Service, et al.*, 474 U.S. 34 (1985), the Supreme Court stated that the "All Writs Act is a residual source of authority to issue writs that are not otherwise covered by statute." *Id*. at 43. The Court held that "[w]here a statute specifically addresses the particular issue at hand, it is that authority, and not the All Writs Act, that is controlling. Although the Act empowers federal courts to fashion extraordinary remedies when the need arises, it does not authorize them to issue ad hoc writs whenever compliance with statutory procedures appears inconvenient or less appropriate." *Id*.

Here, 18 U.S.C. § 6002 addresses the exact posture of this case should the government follow its normal course of action and convene a grand jury to investigate Mr. Feldman's alleged possession of child pornography. That statute directs that "[w]henever a witness refuses, on the basis of his privilege against self-incrimination, to testify or provide other information" in a grand jury proceeding and he is granted immunity, "the witness may not refuse to comply with the order on the basis of his privilege against self-incrimination," provided that "no testimony or other information… directly or indirectly derived from such testimony or other information… may be used

2

against the witness in any criminal case…" Hence, by forgoing the use of a grand jury investigation, the government creates the very situation it claims requires this Court to issue an extraordinary writ that otherwise has a directly applicable governing statue- a witness refusing to testify or provide other information by invoking his Fifth Amendment privilege. It is clear the government is doing this only because side-stepping § 6002 is more convenient and preferable for its potential prosecution of Mr. Feldman than having him provide the information under the grant of direct and indirect use immunity. The preference and convenience that would be afforded the government does not justify using the All Writs Act to avoid an otherwise directly applicable federal statute.

Second, *Wireless Telephone* recites that if no federal law governs the requested authorization, a court must determine whether there is any constitutional issue implicated by the proposed authorization. *See Wireless Telephone* at 580-81. Here, the government's request to compel Mr. Feldman to attempt to decrypt the hard drives clearly implicates his Fifth Amendment right against self-incrimination. This issue was addressed in depth in Mr. Feldman's opening brief and will not be repeated here, but the fact that the government's request implicates what is clearly a constitutional issue cuts against granting the writ. Only when no federal law governs and no constitutional issues are raised do courts move to the third step *Wireless Telephone* recites: determining whether a prior order of the court exists that a further order will aid. *See id*. at 581.

It is at this third step in the analysis (if this Court finds it necessary to proceed this far) that Mr. Feldman raises a jurisdictional challenge to the Court's ability to issue the writ requested by the government. In *Syngenta Crop Protection, Inc. v. Henson*, 537 U.S. 28 (2002), the Supreme Court reaffirmed that the All Writs Act does not create

3

federal jurisdiction, but rather merely confers supplemental jurisdiction where it already exists. *See id.* at 33. The express terms of the All Writs Act confine federal courts "to issuing process 'in aid of' its existing statutory jurisdiction; the Act does not enlarge that jurisdiction." *Id.*, citing *Clinton v. Goldsmith*, 526 U.S. 529, 534-35 (1999). The original action taken by the federal court here was the issuance of a search warrant by Magistrate Judge William E. Callahan for specific items in Mr. Feldman's residence. *See* Fed. R. Crim. P. 41(b) (authorizing magistrate judges to issue federal search warrants).

Here, the search resulted in the seizure of 34 items from Mr. Feldman's residence, ranging from his computer, to external hard drives, to "miscellaneous documents," to cameras. *See* Search Warrant and Return, Wisconsin Eastern District Case No. 13-MJ-421, Document 2. Once the residence was searched and those items seized under the search warrant, the Court's jurisdiction ceased. The government cannot now try to enlarge or extend the Court's search warrant jurisdiction by asking the Court to issue an extraordinary writ under the All Writs Act to compel Mr. Feldman to attempt to produce from his mind information that may aid them in accessing data on some of the property seized. The government has the property authorized by the search warrant in its possession, and asking this Court to further extend or enlarge its jurisdiction over the search warrant is improper and should be denied. In short, there is no pending prior order of this Court that exists that a further order under the All Writs Act will aid. *See Wireless Telephone* at 581.

The last and fourth step in the analysis, if the previous three are met, is for a court to determine whether the government has shown that "exceptional circumstances" justify invocation of the All Writs Act. *See id.* Factors to consider include whether other, less

4

intrusive means exist to accomplish the request, a showing that other means have been attempted and were unsuccessful, and the likelihood of success if the request is granted. *See id*. Here, the government has not shown that "exceptional circumstances" exist. For example, it has made no showing that other less intrusive means have been attempted to access the hard drives, like contacting the manufacturer to see if they are able to access them, or engaging outside experts to see if they have the capability to access the drives. Further, the government has made no showing that even if Mr. Feldman is compelled to attempt to decrypt the drives that the likelihood of his succeeding is high, probable, or even possible.

Underscoring the requirement that the government show "exceptional circumstances" before asking a court to invoke an extraordinary remedy like the All Writs Act is the existance of 28 C.F.R. Chapter 1, Part 0, Subpart Z, § 0.175. That Department of Justice regulation requires that the application of a U.S. Attorney to a federal court for an order compelling testimony or the production of information by a witness in any proceeding before or ancillary to a court must be approved by the Assistant Attorney General, Criminal Division, the Assistant Attorney General for National Security, or any Deputy Assistant Attorney General, Criminal Division or of the National Security Division. The fact that the Code of Federal Regulations deems it necessary to have a high-level attorney in the Department of Justice approve requests such as the one before this Court shows that such requests should be made only in extraordinary circumstances. Mr. Feldman's case is not one of these, and for all the reasons discussed, this Court should find that the All Writs Act is not the appropriate

5

vehicle for the request the government is making, and should deny the application for the writ.

Respectfully submitted at Milwaukee, Wisconsin this 5th day of August, 2013.

/s/_____  /s/_____
Christopher Donovan  Robin Shellow, #1006052
Bar No. 1055112  Urszula Tempska, # 1041496
Pruhs & Donovan, S.C.  The Shellow Group
757 N. Broadway, 4th Floor  324 W. Vine Street
Milwaukee, WI 53202  Milwaukee, WI 53212
Tel: 414-221-1950  Tel: 414-263-4488
donovanc34@hotmail.com  tsg@theshellowgroup.com

Attorneys for Jeffrey Feldman, Interested Party